# Morgan Lewis

**Krissy A. Katzenstein**
Partner
+1.202.739.5651
krissy.katzenstein@morganlewis.com

October 26, 2020

**VIA ECF**

Hon. Kiyo A. Matsumoto, District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re:  *Marilyn Booker v. Morgan Stanley & Co. LLC, et al.*, No. 1:20-cv-02662-KAM-LB

Dear Judge Matsumoto:

We represent Defendants Morgan Stanley & Co. LLC, James Gorman, and Barry Krouk ("Defendants") in the above-referenced matter.  We write pursuant to Rule III.B.1. of Your Honor's Chambers Practices to propose a briefing schedule and to request a pre-motion conference in anticipation of Defendants' Motion to Dismiss the Collective Action Complaint ("Complaint" or "Compl.") (Dkt. 1) filed by Plaintiff Marilyn Booker ("Booker") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Booker alleges that she and a collective of Black (defined as non-White) women were unlawfully paid less than their similarly situated White male colleagues in violation of the Equal Pay Act, 29 U.S.C. § 206 ("EPA") and the New York Equal Pay Act, N.Y. Lab. Law § 194 ("NY EPA"). Compl. ¶ 29.  Booker also alleges that she was discriminated against, retaliated against, and subjected to a hostile work environment on the basis of her sex, race, and/or color in violation of 42 U.S.C. § 1981 ("§ 1981"), the New York State Human Rights Law, N.Y.S. Exec. L. § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 ("NYCHRL").  *Id*. ¶ 28.  For the reasons outlined below, all of Booker's claims against Defendants are facially deficient and should be dismissed.[1]

**1.  Booker Fails To State An Individual Equal Pay Claim.**  Booker's individual EPA and NY EPA claims should be dismissed, because her equal pay allegations amount to nothing more than threadbare, boiler-plate recitations of the elements of her claims.  Booker does not identify any male employee who she contends was similarly situated but paid more.  Nor does she include any facts to support her contention that she received less compensation than unidentified male employees, whose skill, effort, responsibility, and work conditions were similar.  This is a

---

[1] Defendants respectfully propose the following briefing schedule:  Defendants will file their Motion to Dismiss thirty (30) days from the date of any pre-motion conference or from the date that this Court grants them permission to file their Motion to Dismiss; Booker will file her Opposition to Defendants' Motion to Dismiss thirty (30) days following the service of Defendants' Motion to Dismiss; and Defendants will file their Reply in Further Support of their Motion to Dismiss twenty (20) days following the service of Booker's Opposition.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC 20004
United States
☎ +1.202.739.3000
🖷 +1.202.739.3001

fundamental pleading deficiency. Booker, by her own admission, worked in a unique and newly created role and has not identified comparators, because any such comparisons will be deficient under the EPA and NY EPA. Dismissal is required in that case law from this Circuit makes clear that mere recitation of the applicable legal standard, without pleading any facts about alleged comparators is insufficient as a matter of law to state an EPA and NY EPA claim. *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256 (2d Cir. 2014) (allegation that "Port Authority paid its female nonsupervisory attorneys less than its male nonsupervisory attorneys for substantially equal work, that the[] attorneys had the same job code, and that the disparity in pay [could] not be attributed to factors other than sex" constituted a "bald recitation of the elements of an EPA claim" that was "plainly insufficient to support a claim").

**2. Booker Fails to State a Collective Equal Pay Claim.** Booker's EPA collective claim should likewise be dismissed because she has not pled a legally viable individual EPA claim. Absent an individual claim that satisfies the basic pleading requirements, Booker cannot pursue a collective claim. Booker's Black female EPA collective claim also fails for the independent reason that the EPA does not provide a cause of action for alleged compensation differentials based on race. *Mudholkar v. Univ. of Rochester*, 261 F. App'x 320, 323 (2d Cir. 2008) (dismissing equal pay act claim predicated on race discrimination and explaining that "[t]he Equal Pay Act is unambiguous in limiting its application to discrimination on the basis of sex").

**3. Booker Fails to State a Race, Color, and/or Sex Discrimination Claim.** Booker's § 1981, NYSHRL, and NYCHRL discriminatory pay and termination claims should be dismissed because Booker relies almost exclusively on sweeping generalized statements that are devoid of any facts to plausibly suggest that she was discriminated against, or treated unfairly in any way, much less because of her sex or race. Booker's bald assertions and conclusory allegations concerning Defendants' alleged discriminatory intent do not satisfy the pleading requirements set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (a plaintiff must plead "more than an unadorned, the-defendant-harmed-me accusation"). Booker does not allege any facts – such as invidious comments or that similarly situated employees were treated differently – to plausibly suggest that Defendants' actual motivation for setting her compensation and terminating her employment was to intentionally discriminate against her based upon race, color, and/or sex. *Minto v. Molloy Coll.*, No. 16-CV-276, 2019 WL 4696287, at *11 (E.D.N.Y. Sept. 26, 2019) (plaintiffs' bald assertions of race and sex discrimination, "unsupported by any comments, actions, or examples of similarly-situated individuals outside of [their] protected class being treated differently do not permit the court to infer that defendant . . . possessed a discriminatory motive") (internal quotations omitted).

**4. Booker Fails to State a Retaliation Claim.** Booker's § 1981, NYSHRL, and NYCHRL retaliation claims are deficient because Booker – the former Head of Diversity from 1994 to 2010 who was hired to promote diversity and ascended to the Company's highest title promoting diversity initiatives – pleads no facts that establish a causal nexus between a diversity proposal she made in June 2019 and the workforce reduction that resulted in her termination effective March 2020. Instead, she merely speculates that because she promoted another diversity initiative her termination was retaliatory, which does not suffice.

Morgan Lewis

**5. Booker Fails to State a Timely Claim of Discrimination and Retaliation.** Booker's discrimination and retaliation allegations under § 1981, NYSHRL, and NYCHRL preceding her termination should be dismissed because Booker's vague allegations are pled without reference to dates and are not claimed to have occurred within the applicable statute of limitations periods.

**6. Booker Fails to State a Hostile Work Environment Claim.** Booker's § 1981, NYSHRL, and NYCHRL hostile work environment claims are also deficient. Booker does not allege facts that plausibly establish anything more than a trivial inconvenience or a petty slight – which does not give rise to a viable hostile work environment claim. Nor does she assert facts that link even these alleged trivial inconveniences and petty slights to her race, color, and/or sex. *Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d 131, 158 (E.D.N.Y. 2015) (dismissing hostile work environment claims where "plaintiff only alleges in a conclusory manner that defendants engaged in hostile work environment" but "does not specify or describe the defendant's conduct, the level of severity, pervasiveness, or frequency of the alleged harassment or disrespectful treatment, nor does she allege that any mistreatment was on account of her gender or disability").

**7. Booker Fails to State a Claim for Aiding and Abetting.** Defendants Gorman and Krouk should be dismissed from this action because Booker's discrimination claims against them are wholly derivative of her deficient discrimination and retaliation claims against Morgan Stanley and, therefore, fail for the same reasons described above. *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) (under both the NYSHRL and the NYCHRL "there is a requirement that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor.").

Furthermore, Booker's claims against Gorman fail because her single allegation against him relates to conduct that occurred nearly a decade ago. Booker offers no facts that Gorman engaged in any of the timely discriminatory or retaliatory conduct she alleges, or that he somehow aided and abetted such conduct, or that he personally made decisions impacting her employment or compensation. Absent such facts, there is no viable claim against Gorman individually. *Moore v. City of N.Y.*, No. 15-cv-6600-GBD-JLC, 2017 WL 35450, at \*24-25 (S.D.N.Y. Jan. 3, 2017) (dismissing discrimination and retaliation claims against individual defendants where plaintiff did not plead, *inter alia*, that the "discriminatory or retaliatory actions directly involved conduct or were the result of decisions attributed" to the individual defendants).

\*     \*     \*     \*     \*

Defendants respectfully request the Court schedule a pre-motion conference, grant Defendants leave to file the above-described motion to dismiss, and order Defendants' proposed briefing schedule. Defendants also respectfully request that discovery be stayed pending the Court's decision on the anticipated motion so that the proper scope of the parties and the claims can be determined before incurring discovery costs.

Respectfully submitted,

*/s/ Krissy A. Katzenstein*
Krissy A. Katzenstein

c: All counsel of record (via ECF)